CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
THE ATLANTIC WIND POOL, LLC
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

07 CIV 9536

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE ATLANTIC WIND POOL, LLC,

               Plaintiff,

       v.

GEODIS WILSON DENMARK A/S and
WILSON DENMARK HOLDING AS,

              Defendants.
-----------------------------------------------------------------X

07 CV ____ (___)

**VERIFIED COMPLAINT**

Plaintiff THE ATLANTIC WIND POOL, LLC, (hereinafter "ATLANTIC"), by its attorneys, as and for its Verified Complaint against the Defendants, GEODIS WILSON DENMARK A/S (hereinafter "GWD") and WILSON DENMARK HOLDING AS (hereinafter "WILSON HOLDING"), alleges upon information and belief as follows:

JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2.  At all times material hereto, Plaintiff ATLANTIC was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law.

3.  The plaintiff ATLANTIC is engaged in business as a manager of ocean going vessels and it charters such ocean going vessels to others for the carriage of cargo in exchange for payments of hire or freight.

4.  At all times material hereto, Defendant GWD was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country by virtue of foreign law with an office and principal place of business at Oliefabriksvej 29-43, DK-2770, Katsrup, Denmark.

5.  The Defendant GWD is engaged in the business of transporting cargo by ocean vessel.

6.  Upon information and belief, GWD is a private limited company incorporated in Denmark in 1972 that is wholly-owned by WILSON HOLDING.

7.  At all times material hereto, Defendant WILSON HOLDING was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country by virtue of foreign law.

8.  Defendant WILSON HOLDING is a parent, subsidiary, affiliate, agent and/or alter-ego of Defendant GWD.

## AS AND FOR A CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

9. On August 21, 2007, ATLANTIC, as owner of the ocean going vessel M/V SAN LUIS, entered into a charter party contract with GWD, as charterer, whereby the GWD hired the M/V SAN LUIS to carry a cargo of automobiles from China to Senegal.

10. The charter party contract between plaintiff ATLANTIC and defendant GWD is a maritime contract.

11. The main terms of the maritime contract were set forth in a recap fixture for the charter of the vessel as evidenced by an exchange of emails between the parties on August 21, 2007 through chartering broker Dahl & Holmegaard A/S followed by fully agreed terms and conditions.

12. Under the maritime contract the M/V SAN LUIS was hired to carry a mix of about 400 Peugeot 207, Toyota RV4 and Mitsubishi Pajero automobiles from Shanghai, China to Dakar, Senegal at rate of freight calculated on the basis of US$190.00 per square meter of space used by the cargo.

13. Under the maritime contract the vessel M/V SAN LUIS was to be ready to load between August 21, 2007 and August 25, 2007.

14. On August 22, 2007, the M/V SAN LUIS tendered a Notice of Readiness at the agreed upon port of loading as required by the maritime contract.

15. Instead of presenting the cargo for loading onboard the vessel, the defendant GWD repudiated the maritime contract on August 23, 2007, stating in an email to chartering broker Dahl & Holmegaard A/S that "We want to step out of this agreement made for the MV San Luis, 400 cars from Shanghai to Dakar."

16. The defendant GWD did not ship any cargo onboard the M/V SAN LUIS and because the defendant GWD failed to provide cargo for shipment onboard the vessel and because the defendant GWD failed to pay freight as agreed, the defendant GWD breached the maritime contract and is, thus, liable to plaintiff ATLANTIC for damages.

17. In order to mitigate its damages, the plaintiff ATLANTIC was required to sail the M/V SAN LUIS from China to the U.S. Gulf without any cargo in order to find alternative gainful employment.

18. Based on the loss of freight from the cancelled voyage and the costs of re-positioning the M/V SAN LUIS to the U.S. Gulf for alternative cargo, and as best as can nearly be estimated at this time, the plaintiff calculates its damages to be $500,000.00 resulting from the defendant GWD's breach of the maritime contract.

19. The maritime contract between the plaintiff and defendant is governed by English law, and it provides that any disputes arising out of the maritime contract shall be referred to arbitration in London.

20. The plaintiff ATLANTIC has demanded arbitration from the defendant, and the plaintiff ATLANTIC is proceeding with the prosecution of its claim against the defendant in London arbitration.

21. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration pursuant to English law.

22. As best as can now be estimated, the Plaintiff ATLANTIC expects to recover the following amounts in London arbitration:

| | | |
|---|---|---|
| A. | Principal claim: | $500,000.00 |
| B. | Estimated interest on claims:<br>3 years at 8%, compounded quarterly | $134,120.88 |

|   |   |   |
|---|---|---|
| C. | Estimated attorneys' fees: | $100,000.00 |
| D. | Estimated arbitration costs/expenses: | $60,000.00 |
| **Total** | | **$794,120.88** |

## AS AND FOR A CAUSE OF ACTION
## AGAINST WILSON HOLDING

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "22" of the Verified Complaint as though set forth at length herein.

21. At all material times, there existed such unity of ownership and interest between Defendant GWD and Defendant WILSON HOLDING that no separation existed between them and the corporate form of Defendant GWD has been disregarded such that Defendant GWD primarily transacted the business of Defendant WILSON HOLDING, and, therefore, they are the alter-egos of each other.

22. At all material times, Defendant GWD chartered the M/V SAN LUIS in the name of Defendant WILSON HOLDING such that Defendant WILSON HOLDING was the charterer of the M//V SAN LUIS.

23. At all material times, Defendant GWD and Defendant WILSON HOLDING have or had overlapping ownership, management, personnel and purposes such that Defendant GWD and Defendant WILSON HOLDING did not and do not operate at arms length.

24. At all material times, there has been an intermingling of funds between Defendant GWD and Defendant WILSON HOLDING.

25. At all material times, Defendant WILSON HOLDING has dominated, controlled and used the Defendant GWD for its own purposes such that there is no meaningful difference between the several entities, or vice versa.

26. At all material times, Defendant WILSON HOLDING has disregarded the corporate form of Defendant GWD to the extent that Defendant GWD was actually carrying on WILSON HOLDING's business and operations as if the same were its own, or vice versa.

27. There are reasonable grounds to conclude that the Defendant WILSON HOLDING is the alter-ego of Defendant GWD, and, therefore, Plaintiff ATLANTIC has a valid prima facie *in personam* claim against Defendant WILSON HOLDING based upon alter ego liability.

28. The Defendant GWD utilizes the Defendant WILSON HOLDING to transfer funds through, to and from the Southern District of New York on its behalf or vice versa.

## PRAYER FOR RELIEF

29. Notwithstanding the fact that the liability of the Defendants are subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District and held by various parties, as garnishees.

30. Plaintiff ATLANTIC believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments

being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

31. As set forth in the accompanying affidavit of Owen F. Duffy, the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

32. Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendants and because the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendants and/or *quasi in rem* jurisdiction over the property of the Defendants, in the event that the Defendants challenge the jurisdiction of the London arbitrators, so that an eventual judgment and/or award can be satisfied.

33. In addition to an attachment in the full amount of the claim as set forth above, Plaintiff also seeks an attachment over an additional sum to cover awardable attorneys' fees and costs which are recoverable in arbitration pursuant to the London Maritime Arbitration Association's rules.

WHEREFORE, Plaintiff prays as follows:

A. That the Defendants be summoned to appear and answer this Verified Complaint;

B. That the Defendants not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C. That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* US $794,120.88, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D. That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
October 25, 2007

By: _____

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
THE ATLANTIC WIND POOL, LLC

Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
THE ATLANTIC WIND POOL, LLC
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE ATLANTIC WIND POOL, LLC,

                Plaintiff,

                07 CV _____ (___)

    v.

                **VERIFICATION**

GEODIS WILSON DENMARK A/S and
WILSON DENMARK HOLDING AS,

                Defendants.
------------------------------------------------------------------X
STATE OF NEW YORK   :
                         : ss.
COUNTY OF NASSAU   :

      BEFORE ME, the undersigned authority, personally came and appeared Owen F. Duffy who, after being duly sworn, did depose and state:

      1.      That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, THE ATLANTIC WIND POOL, LLC, herein;

      2.      That he has read the foregoing complaint and knows the contents thereof;

3. That he believes the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4. That the reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers' verification could not be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
       October 25, 2007

By: /s/

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
THE ATLANTIC WIND POOL, LLC

Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605

Subscribed and sworn to before me this
October 25, 2007

/s/
Notary Public, State of New York

GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008

2